## AS TO THE AUTHORITY OF COUNCIL TO FIX GAS RATES.

Circuit Court of Licking County.

THE VILLAGE OF GRANVILLE V. THE CRAWFORD NATURAL GAS & FUEL CO.*

Decided, March Term, 1911.

_Municipal Corporations—Gas Rates Fixed by Council Are Not Binding on the Gas Company, When._

Where no rate has been agreed upon for gas used within the limits of a municipality, and council attempts by council to fix rates on both a meter and flat basis and to give to consumers the privilege of changing from one basis to the other at their option, and the gas company refuses to accept the terms thus imposed, the ordinance is not enforcible.

BY THE COURT (VOORHEES, SHIELDS and POWELL, JJ.)

The plaintiff filed its petition in the court of common pleas, alleging that it is an incorporated village of the state of Ohio; that the defendant is a corporation, doing business in Ohio in the way of furnishing natural gas for fuel and light to the vil-

---

* Reversing 11 N.P.(N.S.), 641.    Through misinformation the note in that case makes the Circuit Court give the same judgment on appeal.

lage of Granville and its inhabitants aforesaid, by virtue of a franchise granted by the council of said village to the defendant company on June 7, 1898. That by the ordinance granting such franchise, there was granted to the defendant company the right and privileges of laying pipes through the streets of said village for the purpose of supplying and conveying gas to the inhabitants of the village for the period of twenty-five years. Said ordinance further provided that, for. ten years from the passage of the same, the defendant should have the right to charge the consumers of gas twenty-five cents per thousand cubic feet, meter measurement.

Said period of ten years having expired, the plaintiff, by its council, duly and legally passed an ordinance on the 2d day of June, 1908, fixing the price which said defendant might be allowed to charge for gas furnished said village, and its inhabitants, at the rate of fifteen cents per thousand cubic feet, and which price should prevail, by the terms of said ordinance, for the period of ten years, the defendant to supply meters to all who desired gas at meter measurement. Said ordinance further provided that the consumer should have the option to take gas at either meter measurement or flat rate, and fixed the flat rate for the price of gas which the defendant company should be allowed to charge, and which rate was that it should not charge more than five cents per month for each gas light; for a cooking stove in private house two dollars a month from October 1st to May 1st of each year, and $1.50 a month for the period of the year from May 1st to October 1st; for each heating stove, grate or fire-place used in a private family $2.50 per month from October 1st to May 1st of each year; for each furnace, hot-water, steam, or hot air apparatus in private family $7 per month from October 1st to May 1st, of each year. The petition avers that said prices so fixed are reasonable.

The defendant, operating under said ordinance, notified the inhabitants of said village that on and after a certain date named, the price for gas would be twenty-two cents per thousand cubic feet, and that unless this price is paid by the people of the said village the defendant would stop the supply and refuse to fur-

nish gas at any less rate or price; and the petition alleges that said company intends to make the price for all gas furnished on and after the date named, to-wit, November 1, 1910, the sum of twenty-two cents per thousand cubic feet and no less; that unless restrained by the court, the consumers of gas furnished by the defendant will be required to pay twenty-two cents per thousand cubic feet, contrary to the provisions of such ordinance.

It is further alleged that the defendant company, contrary to the provisions of said ordinance, will refuse to furnish gas to the inhabitants of said village other than at meter rate, and refuses and will refuse to furnish gas at the rates provided in said ordinance, commonly called flat rates, or rates by the month with certain appliances.

The plaintiff prays for an injunction restraining the defendant from charging prices in excess of the amount fixed by said ordinance to either the village of Granville or to the inhabitants thereof, and from refusing to furnish gas other than by meter and at meter rates; and it further asks that defendant be restrained from shutting off the supply of gas to the village or the inhabitants of said village in the event that persons refuse to pay the price in excess of the price fixed by said ordinance.

A temporary injunction was allowed on said petition, to which a demurrer was filed. The demurrer, on hearing, was overruled, to which exceptions were noted.

The defendant filed its answer, in which it admitted the corporate capacity of the plaintiff, and the defendant, as alleged in the petition. It also admitted the passage of the ordinance of June 7, 1898, and that, by said ordinance, it acquired the privilege of laying its pipes through the streets and alleys of said village for the purpose of supplying natural gas to the inhabitants of said village for the period of twenty-five years. The provisions of said ordinance as to the price to be charged consumers were admitted. It admits the acceptance of said ordinance, and that it has been doing business in said village under the terms thereof. The answer further alleges that the defendant had no knowledge of the due and legal passage of the ordinance of June 2, 1908, other than the averments contained in the

petition, and denies the same. It admits that it was notified of the alleged passage of said ordinance, but it avers that it never accepted the terms and conditions of the same, but, on the contrary, expressly repudiated said ordinance, and notified the plaintiff of its refusal to accept under said ordinance immediately after the notice of the alleged passage thereof had been given.

For a second defense, the defendant adopts the averments of its first defense, and alleges that said ordinance of June 2, 1908, is contrary to and in violation of Section 1, Article II of the Bill of Rights, Constitution of the state of Ohio, and, for this reason, is null and void.

For a third defense, the defendant adopts the averments of the first defense, and says that the said alleged ordinance of June 2, 1908, is contrary to and in violation of Section 10 of Article I of the Bill of Rights, Constitution of the state of Ohio, and is therefore null and void, and of no effect, for the reason that it is a taking of private property without process of law.

For a fourth defense, it adopts the averments of the first defense, and says that the alleged ordinance of June 2, 1908, is contrary to and in violation of Section 1, Article XIV, of the amendments to the Constitution of the United States of America, and is therefore null and void, and of no effect, for the reason that it is a denial to this defendant of the equal protection of the laws, in that it attempts to compel the defendant company to furnish gas in a manner and at a price entirely at the option of the consumer, without the consent of the defendant thereto.

To this answer a demurrer was filed by the plaintiff, and, on hearing, the demurrer was sustained.

The defendant then came to this court by appeal, and a motion has been filed in this court to dissolve the injunction allowed in the court of common pleas. The motion is based upon the following grounds:

1st. That the plaintiff has not legal capacity to maintain the action as brought.

2d. The facts set forth in said petition are insufficient in law to entitle plaintiff to the relief sought by way of injunction.

It will be observed that the motion is, in effect, a demurrer.

The cause comes on to be heard in this court on said appeal. On consideration whereof, the court is of the opinion that the demurrer to the answer should be overruled.

And coming on further to be heard upon demurrer to the petition, the court is of opinion that said demurrer is well taken, and should be sustained.

The injunction heretofore allowed is dissolved, and the petition of the plaintiff dismissed, with costs.

A motion for a new trial is overruled, and exceptions.